IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50834
_____


ODELL JOHNSON, JR.

                                        Plaintiff-Appellant,

                        versus

CITY OF SAN ANTONIO

                                        Defendant-Appellee.
_____

Appeals from the United States District Court
for the Western District of Texas, San Antonio
USDC No. 99-CV-575
_____
August 31, 2001

Before JOLLY, SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

     Odell Johnson, Jr., a black police officer with the San
Antonio Police Department, appeals the district court's grant of
summary judgment to the City of San Antonio on his Title VII
retaliation and hostile work environment claims.  Because we find
that the district court correctly granted summary judgment for the
City, we affirm.

     Johnson first contends that he was retaliated against in

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of 42 U.S.C. §2000e-3 because he protested Lt. Griffin's discrimination against him on the basis of race and because he protested Griffin's orders to enforce the law in a discriminatory manner. We have construed Title VII's anti-retaliation provision narrowly, holding that it only applies when the plaintiff is subjected to an "ultimate employment decision" such as "hiring, granting leave, discharging, promoting, and compensating." Watts v. The Kroger Co., 170 F.3d 505, 511-12 (5th Cir. 1999). Johnson was involuntarily transferred out of the Downtown Foot and Bike Patrol Unit ("DFBU") to the Northside Substation. A lateral transfer with no significant change in benefits is not an adverse employment action. Burger v. Central Apartment Management, 168 F.3d 875, 879 (5th Cir. 1999). In Serna v. City of San Antonio, 244 F.3d 479 (5th Cir. 2001), we found that another San Antonio police officer who was also transferred out of the DFBU to a regular patrol unit did not suffer an adverse employment action in the context of First Amendment retaliation. Johnson has not produced any evidence that distinguishes his transfer out of the DFBU to a regular patrol unit from Serna's transfer out of the DFBU to a regular patrol unit; as in Serna, there was insufficient change in Johnson's pay, benefits or level of responsibility to constitute a demotion for the purpose of retaliation. Thus, Johnson's retaliation claims fail because there is no evidence that he was subjected to an adverse employment action.

Even if Johnson had been subjected to an adverse employment

2

action, his Title VII retaliation claims based on his objections to Lt. Harry Griffin's alleged orders to discriminate against San Antonio residents would fail because the actions complained of were not "unlawful employment practices" under Title VII. See 42 U.S.C. §2000e-3 (emphasis added). The discrimination at issue in this charge affected the citizens of San Antonio, who were not San Antonio Police Department employees. Thus, Johnson's opposition to Griffin's orders does not constitute a protected activity under Title VII.

Similarly, Johnson's hostile environment claim based on his opposition to Griffin's orders cannot succeed because it does not involve discrimination with respect to Johnson's "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(emphasis added). Instead, this charge concerns the San Antonio Police Department's discrimination because of Johnson's opposition to Griffin's orders.

Finally, Johnson argues that he was subjected to a hostile work environment based on his race. While Johnson introduced some evidence that Lt. Griffin ridiculed and attempted to intimidate him, he fails to make a prima facie case on the claim of hostile work environment because there was no evidence that any of the discrimination was related to Johnson's race. See Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000) (listing "racially discriminatory intimidation, ridicule and insults" as an element of

3

a hostile work environment claim).  After reviewing the record, we agree with the district court's conclusion that Johnson's "problems with Lt. Griffin would appear to have extended across the board and not to have centered around race."  The City was therefore also entitled to summary judgment on Johnson's Title VII hostile work environment claim.

Because we find no genuine issue of material fact on Johnson's Title VII retaliation and hostile work environment claims, the City is entitled to judgment as a matter of law. The district court's judgment is therefore

A F F I R M E D.